UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                  v.         09-CR-376A(Sr)

**RONALD EVANS**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #9.

## PRELIMINARY STATEMENT

The defendant, Ronald Evans, ("the defendant") is charged with co-defendant Tashine Knightner, in a seven-count Indictment with having violated Title 18, United States Code, Sections 2, 371, 471, 472, 922(g)(1) and 924(e)[1]. Dkt. #7. Presently pending before this Court is the defendant's motion to suppress statements made by him and his motion to sever Counts 1 through 5 from Counts 6 and 7. Dkt.

---

[1] Counts 1-5 of the Indictment charge both defendants with manufacturing counterfeit currency (Count 1), uttering counterfeit currency (Counts 2-4) and conspiracy to make and utter counterfeit currency (Count 5). Defendant Ronald Evans is charged in Count 6 with the unlawful possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) and 924(e). In addition, Count 7 seeks the forfeiture of the firearm pursuant to Title 18, United States Code, Sections 924(d) and 3665 and Title 28, United States Code, Section 2461(c).

#10. The government filed opposition to the defendant's motion to suppress and motion to sever. Dkt. #11. Oral argument on the defendant's motion to sever was held at the conclusion of the February 23, 2010 evidentiary hearing. What follows is this Court's Decision and Order with respect to the defendant's motion to sever. This Court's Report, Recommendation and Order with respect to the defendant's motion to suppress has been filed separately. Dkt. #17. For the following reasons, the defendant's motion to sever is denied.

In his severance motion, the defendant argues that if the charges relating to counterfeit currency are tried together with the felon in possession of a firearm charge he will suffer substantial prejudice. Specifically, the defendant states, "[i]f the jury is permitted to hear testimony about a gun in a drawer in a bedroom where the defendant slept, along with evidence of not one, but three, prior felony convictions, as well as unrelated testimony about counterfeit currency manufacturing and the use of those counterfeit notes, the jury is likely to conclude that he is guilty on the counterfeiting charges because of the inflammatory nature of the gun allegations." Dkt. #10, p.15. Moreover, the defendant argues that serious questions exist as to whether joinder is appropriate simply to promote judicial economy. Id. at p.16. In support of this argument the defendant states,

> [h]ere, the witnesses as to each incident will be substantially different. The counterfeiting case will entail witnesses from Wal-Mart to introduce the surveillance tapes and computerized transactions and an expert on counterfeit money. Testimony about the gun count will entail facts about the place of manufacture, evidence of a prior conviction, and the circumstances surrounding its discovery.

> The witnesses to Evans' statement about both the
> counterfeiting and the gun possession are both law
> enforcement officers and are likely to be easily available for
> the court. So, it is simply part of their duties to be expected
> to be available for such testimony. Moreover, any
> admissions made to the officers that survive a suppression
> hearing can be limited to statements relevant to the offense
> being tried. Finally, the serious implications of a conviction
> on Count 6, as compared to a conviction on Counts 1
> through 5, pale in comparison.

Dkt. #10, pp.16-17. The defendant further argues that joinder of the counts is not proper under Rule 8(a) because such joinder is only permitted when the counts are "of the same or similar character, or are based on the same act or transaction, or are connected with, or constitute parts of a common scheme or plan." Dkt. #10, p.11. Even if such joinder were proper here, the defendant maintains that Rule 14 of the Federal Rules of Criminal Procedure allows the severance of counts where a defendant will suffer from the prejudicial joinder. *Id*. at p.14.

In its response, the government maintains that the evidence and testimony for the counterfeiting charges is similar and overlaps with the evidence and testimony relating to the possession of a firearm count. Dkt. #11, p.9. Specifically, the government states,

> [a]s outlined above, the firearm was seized during a search
> warrant executed at defendant Evans' residence relating to
> his counterfeiting activities. In defendant Knightner's
> statement to police, she stated that defendant Evans
> produced the counterfeit Notes at her residence, and that
> the counterfeit Notes were then sold to drug dealers.
> Additionally, the government anticipates testimony at trial
> from another witness, who will state that defendant Evans
> had the firearm for his protection.

Dkt. #11, pp.10-11. In support of its argument that joinder of the counterfeiting charges and the possession of a firearm charge is appropriate and will not result in substantial prejudice to defendant Evans, the government cites to four cases where courts have found that joinder of counterfeiting charges and firearm charges is appropriate. *See United States v. Sides*, 762 F.2d 1013 (6th Cir. 1985) (finding joinder to be appropriate where charges of counterfeit savings bonds located in one suitcase and a firearm found in another suitcase in the same vehicle were connected and part of a common scheme); *United States v. Stolica*, No. 09-cr-30047-DRH, 2009 WL 2849003 (S.D. Ill. Sept. 1, 2009) (holding joinder of passing counterfeit currency with charge of felon in possession of a firearm was proper, noting, given "the relatively small number of counts, the relative simplicity of the charges, and the lack of complexity of the alleged conduct underlying each charge ... a properly instructed jury can sort through the evidence ... follow limiting instructions, thus avoiding any prejudicial evidentiary spillover or cumulation of evidence ..."); *United States v. Hunter*, No. 3:06-CR-64, 2006 WL 3196929 (E.D. Tenn. Nov. 2, 2006) (same); *United States v. Neuman*, Criminal No. 08-24, 2009 WL 273208 (E.D. La. Jan. 23, 2009) (same).

> Rule 8 of the Federal Rules of Criminal Procedure provides that an
>
> indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In addition, "[j]oinder is proper where the same evidence may be used to prove each count." *United States v. Amato*, 15 F.3d 230, 236 (2d Cir. 1994), *quoting United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991).

Rule 14 of the Federal Rules of Criminal Procedure permits a court to order separate trials of multiple counts if it appears that a defendant is prejudiced by the joinder of offenses. A trial court's "decision whether to grant a severance is 'committed to the sound discretion of the trial court and is virtually unreviewable.'" *United States v. Zackson,* 6 F.3d 911, 922 (2d Cir. 1993), *quoting United States v. Harwood*, 998 F.2d 91, 95 (2d Cir. 1993) (internal quotation omitted). Reversal will be granted only in cases where a trial judge "clearly abused his discretion and the defendant has suffered substantial prejudice therefrom." *Zackson*, 6 F.3d at 922 (internal quotation omitted).

"It is thus not sufficient to show a likelihood that a separate trial would . . . benefit[] the defendant." *United States v. Cervone*, 907 F.2d 332 (2d Cir. 1990), *cert. denied,* 498 U.S. 1028 (1991). "Rather, there must . . . be[] prejudice so substantial as to amount to a 'miscarriage of justice.'" *Id., quoting United States v. Nersesian,* 824 F.2d 1294, 1303 (2d Cir.), *cert. denied*, 484 U.S. 957 (1987). "Such a showing is unlikely where 'proof at separate trials would largely overlap.'" *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978), *quoting United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977). In other words, "[u]nfair prejudice does not result if evidence

admissible to prove each charge is also admissible to prove the other charge." *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir.), *cert. denied*, 471 U.S. 1067 (1984).

In the instant case, the firearm was discovered during the execution of a search warrant relating to counterfeit currency. The defendant has admitted to being involved with the counterfeit currency and this Court has recommended that the defendant's motion to suppress that statement be denied. Dkt. #17. The government anticipates that there will be testimony at trial from a witness that defendant Evans had the firearm for protection. The government also asserts that the evidence and testimony for the counterfeiting charges is similar and overlaps with the evidence and testimony relating to the firearm charge. Accordingly, the government argues and this Court agrees that the counterfeiting charges and the firearm charge are part of a common scheme or plan and are therefore properly joined. *See* Fed.R.Crim.P. 8(a).

In addition to the foregoing, the Court finds that by reason of the small number of counts in the Indictment, as well as the relative simplicity of those charges and the defendant's failure to demonstrate that he would suffer substantial prejudice if the charges were tried together, the charges are properly joined and severance is not appropriate. See *United States v Stolica*, No. 09-cr-30047-DRH, 2009 WL 2849003 (S.D. Ill. Sept. 1, 2009). This Court is of the view that a properly instructed jury is more than capable of sorting through the evidence and following limiting instructions thereby avoiding the possibility of any prejudicial evidentiary spillover or cumulation of evidence. Accordingly, this Court finds that the charges in the Indictment are part of a common

scheme or plan pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure. This Court further finds that the defendant has failed to demonstrate that he will suffer substantial prejudice if Counts 1 through 5 are not severed from Counts 6 and 7. Based on the foregoing findings, the defendant's motion to sever is denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
May 7, 2010

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**