UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

        v.                                              DECISION AND ORDER
                                                           09-CR–376

RONALD EVANS,

                              Defendant.

_____

### *Introduction*

        Currently before the Court is defendant Ronald Evans' motion to withdraw

his plea of guilty, which he entered before this Court on July 26, 2011.  Defendant

claims he is entitled to withdrawal of his guilty plea because it was not voluntary.

Specifically, defendant argues that his counsel unduly pressured him to take a

plea and told him that proceeding to trial would be futile.  Defendant maintains

that as a result of his counsel's insistence that he take a plea, his "will was

overborne and [he] agreed to take the plea rather than go to trial with an attorney

who [he] believed would not fight for him."  The government opposes defendant's

motion.  For the reasons stated below, the Court denies defendant's motion to

withdraw his plea of guilty.

### *Discussion*

        Rule 11 of the Federal Rules of Criminal Procedure provides that a

defendant be permitted to withdraw his plea of guilty before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Federal Rule of Criminal Procedure 11(d)(2)(B).  The defendant bears the burden of showing there is such a reason, and only if such a showing is made is the government required to show prejudice.  *United States v. Mather*, 108 F.3d 1513, 1529 (2d Cir. 1997).  In recognizing that a significant showing must be made by a defendant seeking to withdraw a guilty plea, the Second Circuit has opined that society has a strong interest in the finality of guilty pleas, and allowing withdrawal of guilty pleas not only undermines confidence in the integrity of our judicial procedure, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice.  *United States v. Deacon,* 413 Fed. Appx. 347, 349 (2d Cir. 2011); *accord Mather*, 108 F.3d at 1529 (alteration and internal quotation marks omitted).

Where a motion to withdraw a plea is premised on involuntariness, the defendant must raise a significant question about the voluntariness of the original plea.  *See Deacon*, 413 Fed. Appx. at 349.  Importantly, "bald assertions that merely contradict a defendant's clear statements at plea allocutions are not sufficient to meet the significant question requirement."  *United States v. Khammanivong*, 357 Fed. Appx. 316 (2d Cir. 2009).  Also, where a defendant moves to withdraw the plea on the ground that the plea was not knowingly made and voluntarily, the motion may be denied without a hearing where the allegations

are inherently incredible, conclusory, or are contradicted by the statements made under oath at the plea proceeding.  *See United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d. Cir. 1992).

In *United States v. Aine*, the Second Circuit upheld the district court's conclusion that a defendant's plea was knowing and voluntary based primarily upon defendant's colloquy during the plea proceeding, during which the defendant stated that he had an opportunity to discuss the plea agreement with counsel and ask questions about it, that he had not been induced to accept the plea by any threat or promise not contained in the plea agreement, and that he was satisfied with his legal representation.  386 Fed. Appx. 16, 20 (2d Cir. 2010). The Second Circuit concluded that even though the defendant maintained later he had "little choice" but to plead guilty, "this assertion was contradicted by his sworn allocution that his plea was knowing and voluntary."  *Id*. at 21.

Similarly here, the Court finds no reason exists to conclude that defendant Evans' plea was anything besides knowing and voluntary.  During the plea proceeding, the Court explained, in careful and extensive detail, the contents of the plea agreement as well as the consequences of the guilty plea.  At that time, defendant clearly indicated that he understood both the nature of the agreement and the meaning of his plea.

> The Court: Well, sir, we've gone over the agreement in court; you indicated you understand it.  Your lawyer says she's gone over it with you; she's satisfied that you understand it.  You signed it indicating you understand it.

3

Any questions, sir?

The Defendant: No, sir.

The Court: Are these all the terms and conditions of the plea agreement which we just read here in court?

The Defendant: Yes, sir.

The Court: No one's made any other promises to you, have they?

The Defendant: Not to my knowledge.

Later in the proceeding, the Court informed defendant that he had a right to plead not guilty and to proceed with a jury trial. The Court explained, in detail, how the trial would be conducted as well as defendant's right to counsel and the government's burden to prove guilt beyond a reasonable doubt. The Court explained that defendant would have a right to see and hear all of the evidence against him, cross examine witnesses and subpoena records relevant to his defense. The Court informed defendant that by entering a plea of guilty he was giving up those rights, and questioned defendant extensively regarding the voluntariness of his decision.

The Court: Now sir, has anyone forced you to plead guilty?

The Defendant: No, sir.

The Court: Anyone threaten you in any way?

The Defendant: No.

.......

The Court: By entering a plea of guilty, accepted by the Court, there would be no trial, you would have waived your right to trial, as well as all the other rights we talked about.  Do you understand that?

The Defendant: Yes, sir, I do.

The Court: You do this knowingly, voluntarily?  You understand all the possible consequences?

The Defendant: True.

The Court: Any questions, sir?

The Defendant: No, sir.

Defendant Evans has failed to raise any question, let alone a significant one, about the voluntariness of his plea.  The record of the plea proceeding reflects that defendant was fully informed of, and understood, his right to proceed to trial in this matter.  The record further reflects that defendant was aware that by signing the plea agreement he was forever waiving such rights. Defendant testified that he was knowingly and voluntarily pleading guilty to the offense set forth in the plea agreement, and that he had not been threatened or coerced in any manner.  Defendant's sworn statements clearly belie his present allegations that his plea was somehow involuntary because he "lost faith" in his counsel.  As recognized repeatedly by the Second Circuit, bald assertions that contradict sworn statements at plea allocutions fail to raise a significant question as to the voluntariness of a defendant's plea.

The Court also rejects defendant's allegations that his plea was

involuntary because his counsel repeatedly insisted that he accept a plea rather than proceed to trial, and therefore he believed that he had no other choice than to proceed with the plea.  Here again, defendant's conclusory assertions conflict with the sworn testimony he provided at the plea proceeding.

> The Court:  Now, Mr. Evans, you've discussed this whole situation with your  attorney, she's explained to you what your legal rights are, what your legal options are.  You may not have liked what she had to tell you, but she's not here to make you feel good; she's here to be your legal advisor. And apparently based on those discussions, you're here today to waive certain rights and to plead guilty to this charge, Count 6, under the terms and conditions of the plea agreement.
>
> Are you fully satisfied with the advice and counsel you received from your lawyer?
>
> The Defendant:  Yes, sir.
>
> The Court: Any complaints?
>
> The Defendant: No.

Defendant was clearly presented an opportunity to inform the Court that he was dissatisfied with his counsel, that counsel was unduly pressuring him to accept a plea, and that he wanted to proceed to trial.  Instead, defendant stated, under oath, that he was fully satisfied with the advice he received and wished to accept the terms of the plea.

After defendant filed the instant motion to withdraw his plea, in order for the Court to have a complete record, the Court directed Assistant Federal Public Defender Kimberly A. Schechter and Federal Public Defender Marianne

Mariano, the attorneys who represented defendant at the time of the plea

proceeding, to submit affidavits responding to defendant's allegations that his

plea was involuntary because counsel coerced him into accepting the plea

agreement.[1]   These affidavits clearly contradict defendant's claims.

The affidavits reflect that on July 21, 2011, prior to defendant's decision to

accept the plea, Ms. Mariano and Ms. Schechter met with defendant to prepare

for trial.[2]   They discussed, among other things, witness testimony, jury

instructions, and defendant's right to testify.  They also advised defendant as to

their opinion of the likelihood of an acquittal based upon their review of the

charges and the evidence.  Further, they provided their opinion as to whether

defendant should accept the government's plea offer, as they are ethically

required to do.  *See Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996) (counsel was

ineffective where he failed to render an informed opinion that the plea should

have been accepted).  Ms. Schechter and Ms. Mariano warned defendant of the

potential penalties he faced if he were to be convicted following a trial.  They

also advised defendant that should he elect to proceed to trial, they would

---

[1]Two months after the plea proceeding, on October 27, 2011, Ms. Schechter moved to withdraw as counsel on the grounds that defendant had filed a complaint against her with the New York State Bar Association.  On November 7, 2011, the Court granted Ms. Schechter's motion and appointed attorney Robert Convissar to represent defendant.  Mr. Convissar filed the instant motion.

[2]The Court denied defendant's former counsel's request that their affidavits be filed under seal, on the grounds that the attorney-client privilege had been waived.  *See United States v. Marks*, 764 F.Supp. 585 (WDNY 2011)

represent him to the best of their ability.

Additionally, Ms. Schechter's affidavit sets forth the significant steps she took to prepare defendant's case for trial including reviewing over 1,000 pages of discovery, conducting witness interviews, researching a number of legal issues and drafting a motion *in limine*, jury charges and a witness list.  In the course of preparing the case for trial, Ms. Schechter met with the defendant nine times and spoke with him on the telephone on multiple occasions.  She sent defendant over sixty letters responding to his questions and advising him of the status of the case as well as the legal issues.  Through these communications she sought his input and assistance in preparing a defense.

The affidavits reflect that defendant's former counsel fulfilled their obligation to render informed opinions on plea offers and that they were preparing for trial in the event that defendant chose to persist in his not-guilty plea.  Defense counsel acted in a prudent and appropriate manner consistent with both their ethical obligations and their duty to zealously represent their client.  At the time defendant accepted the plea, his counsel was actively preparing the case for trial.  Defendant's conclusory assertions that his plea was involuntary are wholly unsupported by both the record of the plea proceeding and his former counsel's sworn affidavits.  There is simply no indication that defendant was unduly pressured or coerced into accepting a plea.

*Conclusion*

For the reasons stated above, defendant's motion to withdraw his plea of guilty is denied. Sentencing will be held on June 13, 2012 at 12:30 p.m.


SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 18, 2012