UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RONALD E. EVANS,                           **No. 1:09-CR-00376 (MAT)**
                                           **No. 1:15-CV-00123 (MAT)**
                          Movant,

          -vs-                             **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                          Respondent.

_____

## I.   Introduction

Movant Ronald E. Evans ("Evans"), a federal prisoner currently serving a sentence of 180 months imprisonment for possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e), moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Evans pled guilty to that offense on July 26, 2011, after entering into a written plea agreement, before the Hon. Richard J. Arcara.

Pursuant to his plea agreement, Evans was adjudicated an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three predicate convictions, one of which was for attempted burglary in the third degree (N.Y. Penal Law §§ 140.25, 110.00). The attempted burglary conviction was considered a violent felony under the ACCA's residual clause. See 28 U.S.C. § 924(e)(2)(B)(ii). Accordingly, on September 10, 2012, Evans was sentenced to 180 months imprisonment.[1]

_____

[1] At sentencing, the Court determined that Evans carried a total offense level of 30 and a criminal history category of V, resulting in a guideline imprisonment range of 180 to 188 months, based on Evans's adjudication as an armed career criminal under the ACCA.

Evans filed a timely *habeas corpus* petition, pursuant to 28 U.S.C. § 2255, on February 9, 2015. In that petition, Evans argued that his prior conviction for attempted burglary in the third degree did not qualify as a predicate violent offense under the ACCA, contending specifically that the residual clause of the ACCA was overly broad. In its response to the petition, the government argued that Evans's claims failed on the merits. The government also contended that even if Evans's petition was read liberally so as to allege a claim of ineffective assistance of counsel, that claim would fail on the merits.

Subsequently, on June 26, 2015, the Supreme Court decided the case of <u>Johnson v. United States</u>, __ U.S. __, 135 S. Ct. 2551 (2015). <u>Johnson</u> addressed the constitutionality of the ACCA's residual clause, which provided that a prior conviction qualified as a violent felony for purposes of sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii). <u>Johnson</u> held that the imposition of an increased sentence under the residual clause violates due process, as guaranteed by the Fifth Amendment of the United States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." <u>Id.</u> at 2557. On April 18, 2016, the Supreme Court decided <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016), and held that "<u>Johnson</u> announced a substantive

rule that has retroactive effect in cases on collateral review."
Therefore, Johnson applies retroactively to Evans's instant motion.

On July 17, 2015, Evans moved, *pro se*, for leave to supplement
his earlier § 2255 motion, basing his supplemental collateral attack
on the Supreme Court's ruling in Johnson. Doc. 111. The Court hereby
grants that leave and considers Evans's supplemented motion in this
Decision and Order.[2] For the reasons that follow, the Court finds
that Evans's sentence was based on the residual clause of the ACCA
and was thus rendered retroactively invalid under the rule announced
Johnson. The Court therefore grants Evans's motion to vacate his
sentence and transfers this case to Judge Arcara, the original
sentencing judge, for resentencing.

## II. Application of Johnson to Evans's Sentence

Evans's plea agreement explicitly set forth the predicate
convictions qualifying him as an armed career criminal under the
ACCA: (1) a 1978 conviction of attempted burglary in the third
degree; (2) a 1982 conviction of bank robbery; and (3) a 1983
conviction of armed bank robbery. Doc. 27 at 4. The government does
not dispute that Evans's predicate attempted burglary conviction no
longer qualifies as a violent felony. See James v. United States,
660 U.S. 192, 197 (2007) (holding that convictions for attempted
burglary qualified as violent felonies only under the ACCA's
residual clause)). The government also concedes that, pursuant to

---

[2] On January 7, 2016, at the request of Evans, this Court appointed Brian
Shiffrin, Esq. as attorney for Evans as to issues arising out of Johnson. Defense
counsel has submitted a supplemental brief in support of Evans's § 2255 petition.

the PSR and the plea agreement, "the parties and this Court relied on three of Evans's prior New York State convictions for the determination as to his status under the [ACCA]." Doc. 121 at 7.

The government argues that Evans's motion should nevertheless fail, contending that his prior convictions out of North Carolina "would have sufficed to qualify [him]" as an armed career criminal under the ACCA. Id. at 8. The government points to three North Carolina judgments of conviction referenced in the PSR: (1) a December 20, 1999 judgment of conviction based upon a plea of guilty to common law robbery, burglary in the second degree, five counts of second degree kidnapping, and conspiracy to commit armed robbery of a business/person; (2) a December 22, 1999 judgment of conviction after a jury verdict of robbery with a dangerous weapon, three counts of second degree kidnapping, and three counts of impersonating law enforcement; and (3) a December 28, 1999 judgment of conviction based upon a plea of guilty to assault with a deadly weapon inflicting serious injury and conspiracy to commit armed robbery.

The government specifically argues that Evans's prior convictions of robbery with a dangerous weapon and second degree burglary were predicate convictions qualifying under the ACCA. Evans argues, in his counseled memorandum, that the government cannot now substitute the prior North Carolina convictions for purposes of his qualification under the ACCA. While the Court does not find that the government is precluded from making this substitution argument in

4

relation to a resentencing, the Court does find that the argument fails for purposes of Evans's <u>Johnson</u> application.

Title 18, United States Code, Section 3553(c) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence." Under this provision, a defendant is entitled to know the specific convictions on which an ACCA enhancement is recommended and imposed. To hold otherwise would raise serious due-process concerns. See <u>Oyler v. Boles</u>, 368 U.S. 448, 452 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to [a] recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense."); <u>United States v. Moore</u>, 208 F.3d 411, 414 (2d Cir. 2000) ("It is settled that due process requires that a defendant have notice and an opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based.").

In this case, Evans was notified, pursuant to his plea agreement, that three particular predicate convictions formed the basis of his ACCA enhancement. Although it is true that Evans had other prior convictions, some of which may have qualified as violent offenses under ACCA for purposes of enhancement, Evans was never notified that any of those convictions were to serve as the basis for his enhancement. Rather, he specifically agreed to the three predicate convictions enumerated in the plea agreement, and the Court sentenced him based on that agreement. Therefore, under the

terms of the valid plea agreement, Evans's sentence has been rendered retroactively invalid under Johnson. He is therefore entitled to resentencing.[3] Any arguments as to proper resentencing, including the government's contention that prior North Carolina convictions can be substituted as ACCA predicates and Evans's corresponding argument that the government should not now "'get a second bite at the apple' and rely on other convictions to subject [him] to a 15-year minimum sentence," doc. 120 at 15, should be addressed at that time.

## III. Ineffective Assistance of Counsel

To the extent that Evans's original *pro se* motion raised a claim for ineffective assistance of counsel, that claim is rejected on the merits. In his counseled supplemental reply memorandum, Evans argues that his attorney should have foreseen the holding of Johnson and argued that his predicate conviction of attempted burglary in the second degree did not qualify for purposes of enhancement. It is well-established that "counsel cannot be deemed constitutionally ineffective for failing to anticipate later Supreme Court rulings." Harrington v. United States, 689 F.3d 124, 131 (2d Cir. 2012) (citing Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001)). As Evans concedes, prior to the Johnson decision, "challenges to the constitutionality of [the ACCA's] residual clause were 'uniformly

---

[3] In the Court's view, resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Rule 11 of the Federal Rules of Criminal Procedure, as the original sentencing judge is in the best position to consider the parties' arguments regarding resentencing.

unsuccessful' on direct appeal and collateral attack to the Circuit Courts of Appeals." Doc. 122 at 5. As such, "counsel's decision not to challenge the use of [the attempted burglary conviction] as an ACCA predicate cannot be deemed objectively unreasonable in light of the law as it existed at the relevant time." Harrington, 689 F.3d at 132 (citing Parisi v. United States, 529 F.3d 134, 141 (2d Cir. 2008)).

## IV. Conclusion

Evans's supplemented motion for vacatur and correction of his sentence (Docs. 104, 111) is granted to the extent that the matter is transferred to the Hon. Richard J. Arcara, the original sentencing judge, for resentencing. Evans's "motion for evidentiary hearing" (doc. 113)[4] is denied as moot.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:      June 17, 2016
            Rochester, New York.

---

[4] That motion, which predated the assignment of counsel on the Johnson issue, requested an evidentiary hearing on Evans's July 17, 2015 motion to amend/correct his § 2255 motion to include the Johnson issue.